FRANKLIN COUNTY
COURT OF COMMON PLEAS

| | |
|---|---|
| **ARLINGTON VIDEO PRODUCTIONS, INC.**<br>5698 Moorgate Drive<br>Columbus, OH 43235<br><br>Plaintiff,<br><br>vs.<br><br>**FIFTH THIRD BANCORP**<br>Fifth Third Bank Centre<br>Cincinnati, OH 45202<br><br>Also Serve: **PAUL L. REYNOLDS**<br>38 Fountain Square Plaza<br>Cincinnati, OH 45263<br><br>Defendants. | Case No. 07-CVH 12 17428<br><br>JUDGE<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>Category: Other Civil Litigation |

1. This action is brought on behalf of a class of checking account customers ("the class customers" or "class members" or the "class") of Fifth Third Bancorp ("Fifth Third" or "the Bank" or "Defendant") who were charged certain fees for services allegedly provided by Fifth Third that were and are not properly disclosed to customers.

2. Fifth Third customers were and are unaware of those certain fees charged to them before they are incurred and did not agree to accept them as part of their contractual-banking relationship with Fifth Third. The class customers received statements from Fifth Third containing deductions from their accounts for these certain fees, without identification of the nature of the fees and without any prior notification that the Bank was going to assess these charges against their checking accounts.

3. The fees complained of were and are not disclosed in any of the printed materials provided to the Plaintiff and the members of his class which described the account options available to Fifth Third customers and, therefore, they were not and could not have been part of the bargained-for agreement between the Bank, the Plaintiff, and the class customers.

## JURISDICTION AND VENUE

4. Jurisdiction lies within this Court because the actions of Fifth Third and the injuries to Plaintiff and Class Members arose from the business transactions of Fifth Third conducted in Ohio, and elsewhere. Defendant's principal place of business is located in Ohio and the business actions and business decisions that resulted in the actions complained of herein were consummated in Ohio. All of the claims are state law claims that do not present a federal question.

5. Venue is proper because the defendant has conducted business activity that gave rise to the claim for relief in Franklin County. The named Plaintiff is located in Franklin County.

## PARTIES

6. Arlington Video Productions, Inc. ("Arlington") is an Ohio corporation, with its principal office located in Columbus, Franklin County, Ohio. The business established a checking account with Fifth Third in 1996. Arlington has had a banking relationship with Fifth Third since that time.

7. Fifth Third Bancorp is an Ohio corporation. Fifth Third's principal office is located in Cincinnati, Ohio and the Bank has more than 1,100 full-service locations in the United States. Fifth Third has banking locations in the states of Ohio, Florida, Illinois, Indiana,

Kentucky, Michigan, Missouri, Pennsylvania, Tennessee and West Virginia. There are approximately 40 Fifth Third locations in the Columbus, Ohio area alone. Fifth Third offers its customers traditional banking services, such as checking and savings accounts.

## CLASS ACTION ALLEGATIONS

8. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

9. This action is brought by Plaintiff, pursuant, in part, to Rules 23(A) and 23(B)(1), (B)(2) and (B)(3) of the Ohio Rules of Civil Procedure, on behalf of itself and all other persons and or entities having checking accounts at any Fifth Third banking institution in the United States, at present and at any time during the past four years, and who were charged fees on their bank accounts that were undisclosed or were disclosed inaccurately by Fifth Third.

10. Plaintiff believes there may be tens of thousands of Fifth Third customers who are members of the Class, making joinder impracticable. The names and addresses of Class members will be readily identifiable from the records of defendant Fifth Third.

11. Plaintiff will fairly and adequately represent and protect the interests of members of the Class. Plaintiff, in the course of proving its claims, will prove the claims of all members of the Class. Furthermore, Plaintiff has retained competent counsel experienced in class action litigation to further insure such representation and protection of the Class. Plaintiff and its counsel will vigorously prosecute this action.

12. Plaintiff's claims are typical of the claims of the other members of the Class. The damages suffered by Plaintiff and all other Class members arise from and were caused by the actions of Fifth Third. Plaintiff does not have any interests antagonistic to or in conflict with the Class.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation virtually prohibit individual class members from seeking redress for the wrongful conduct alleged. Further, prosecution of separate actions against Defendant would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Fifth Third. Fifth Third's practices are generally applicable to all members of the Class, thereby making injunctive and declaratory relief applicable to the Class as a whole. Plaintiff knows of no difficulty which will be encountered in the management of this litigation that would preclude its maintenance as a class action. Furthermore, by using the class action provision, the Court will be able to determine the rights of all members with judicial economy.

14. Common questions of law and fact exist as to all members of the Class, and predominate over questions affecting individual members. The predominate questions pertaining to the legitimacy of the business practices of Fifth Third alleged herein, questions central to each and every Class member. Among the predominating questions of law and fact common to the Class are:

  a. Whether Fifth Third failed to provide its banking customers with an accurate list of the fees that they would incur on their accounts prior to assessing those charges;

  b. Whether Fifth Third notified class members whenever it made a change or addition to the schedule of fees that it would include those fees on the customer's accounts;

    c. Whether Fifth Third adequately informed Class members of the nature or description of the fees it was actually charging the customer at the time the fees were incurred;

    d. Whether Fifth Third charged Class members fees for services that do not appear on any schedule of fees that were provided to banking customers;

    e. Whether the charging of unidentified, undisclosed or inaccurately disclosed fees to Fifth Third banking customers is a deceptive trade practice; and

    f. Whether Fifth Third's practice of charging customers fees that are not properly disclosed prior to their incurrence by the customer resulted in unjust enrichment of the Bank.

## FACTS

15. Arlington maintains a checking account at Fifth Third.

16. On or about August 9, 2007, Arlington received a statement of its account from Fifth Third. This statement showed deductions from the account in the amount of $41 listed as a "service charge". There is no indication on the statement as to what items or services these fees are for. The fees were not itemized on the bank statement.

17. Arlington made inquiry of Fifth Third concerning the charge on or about August 9, 2007. A Fifth Third representative informed Arlington's representative that this total charge included two "deposit adjustment" fees of $8.00 each. Arlington's representative was told that a deposit adjustment was made on its account when the deposit slips were not totaled correctly.

5

18. On or about August 9, 2007, Arlington was given a booklet entitled "Rules & Regulations Applicable to All Fifth Third Accounts and Cards – June 2007" that included a listing of "Special Fees that Apply to All Consumer Accounts". On or about August 20, 2007, Arlington was also given a printout from the Bank's computer system listing fees allegedly applicable to Arlington's account. This printout is labeled "For Internal Use Only" and contains the information "Note: Other fees may apply".

19. The deposit adjustment fee of $8.00 does not appear on any list given to Arlington by Fifth Third.

20. Arlington's representative made further inquiries at Fifth Third attempting to find any documentation of the validity of the deposit adjustment fee and what "other fees" might apply to its account of which he was unaware. No representative at Fifth Third could provide Arlington with any list of fees that included the deposit adjustment fee.

21. In reviewing the lists of fees provided to it by Fifth Third, Arlington also discovered that it had been charged a fee of $12.50 for a returned deposited item. The booklet given Arlington lists the fee for this service as $10.00. No list given to Arlington by Fifth Third shows this fee at $12.50.

22. On another account statement for the month of September 2007, Arlington discovered that it had been charged an additional $8.00 fee for a deposit adjustment.

23. Arlington has been charged numerous other fees, identified only as "service charges" on the monthly statements over the years. The nature of these charges is not ascertainable without further inquiry. Based on the amounts that are being deducted from the account as fees, these charges do not appear to be included on the fee lists provided to Arlington.

24. Banks are required to provide clear and uniform disclosures of all fees, service charges, and penalties that they are assessing customers on their checking accounts before these fees are assessed.

25. Banks are required to give advance notice to customers if any changes are made in the fees included in these disclosures.

26. Banks are required to itemize the fees debited to each account on the statements provided to customers.

27. Through its actions and failure to provide essential information to its customers, Fifth Third's concealment, suppression, and omission of material facts as to the services that it provides to the public has caused harm to its uninformed customers.

## COUNT ONE

28. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

29. Ohio Revised Code § 4165.02(A) states that a person engages in a deceptive trade practice when, in the course of the person's business, vocation or occupation, the person does any of the following:

> (11) Advertises goods or services with intent not to sell them as advertised.

30. Fifth Third advertises its banking services to the public with booklets and handouts containing information about what services the Bank will provide and the charges the customer will incur for these services.

31. Fifth Third's failure to inform customers of all of the charges it may assess on their accounts and the amounts being charged before they are assessed deprives customers of

the opportunity to make meaningful comparisons among banking institutions. This is a deceptive trade practice.

32. Fifth Third's failure to itemize the charges that are assessed on the customers' account statements deprives the customers of the opportunity to review the accuracy of the statements to insure that the services the Bank advertises it will provide are priced correctly. This is a deceptive trade practice.

33. Plaintiff and Class members reasonably relied upon Fifth Third's advertised rates and services as being accurate and complete.

34. Plaintiff and Class members have suffered damages from Fifth Third's deceptive actions.

## COUNT TWO

35. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

36. Class members have paid substantial amounts of monies to Fifth Third in the form of payments of fees which they were unaware of before and often after they were assessed. Because these fees were not disclosed, Class members were deprived of the opportunity to make a meaningful assessment of the terms of their depository accounts held by Fifth Third.

37. The benefit of the payment of these undisclosed fees has been conferred on Fifth Third by Class members with the full knowledge and consent of Fifth Third.

38. Allowing Fifth Third to retain these undisclosed fees, under these circumstances, would cause an injustice to Class members. Fifth Third should not be unjustly enriched and the funds collected for these fees should be returned to the Class members.

WHEREFORE, Plaintiff prays for an order declaring this action to be a class action properly maintained pursuant to Rule 23 of the Ohio Rules of Civil Procedure and certifying Plaintiff as class representative and its counsel as class counsel. Plaintiff further demands judgment for itself and for the Class as follows:

a) Such compensatory damages as may be allowed by law;

b) A declaration that the practice of charging fees that are not properly disclosed to Fifth Third customers, prior to their assessment, is a deceptive trade practice;

c) An injunction prohibiting Fifth Third from charging such undisclosed fees to customers in the future;

d) Interest, costs and reasonable attorney's fees; and

e) Such other and further relief as the Court may deem just and proper, including equitable and non-equitable relief.

Respectfully submitted,

Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address: dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address: dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44871-0019
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiff

## JURY DEMAND

The Plaintiff hereby demands trial by jury of the above case.

_____
Dennis Murray, Sr.
Donna Jean Evans
MURRAY AND MURRAY CO., L.P.A.

Attorneys for Plaintiff

## PRÆCIPE TO THE CLERK

Please cause the Complaint to be served upon the following:

Fifth Third Bancorp
Fifth Third Bank Centre
Cincinnati, Ohio 45202

Paul L. Reynolds
38 Fountain Square Plaza
Cincinnati, Ohio 45263

Said service is to be by **certified mail**.

Dennis Murray, Sr.
Donna Jean Evans
MURRAY & MURRAY CO., L.P.A.

Attorneys for Plaintiff