```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Arlington Video Productions, Inc.

    Plaintiff,

  v.                                  Case No. 2:08-cv-122
                                        JUDGE GRAHAM

Fifth Third Bancorp, et al.

    Defendants.

## ORDER

This matter is before the court on the motion of Defendant Fifth Third Bank, improperly denominated in the complaint as Fifth Third Bancorp, to dismiss the complaint of Plaintiff Arlington Video Productions, Inc. for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff contends that, over the course of its banking relationship with Defendant, Defendant charged it with certain previously undisclosed fees.  Plaintiff filed this class action lawsuit in the Franklin County Court of Common Pleas, asserting claims against Defendant under the Ohio Deceptive Trade Practices Act ("DTPA") and for unjust enrichment.  Defendant removed the action to this court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), and has now filed the motion to dismiss which is presently before the court.

**I.  Facts**

Plaintiff is an Ohio corporation which has maintained a banking relationship with Defendant since it first opened a checking account in 1996.  Plaintiff alleges that on or about August 9, 2007, it received a statement of its account ("Account

Statement") from Defendant which revealed that a service charge of $41.00 had been deducted from Plaintiff's account. Compl., ¶ 16. Plaintiff alleges that the Account Statement did not include an itemized list of the services for which Plaintiff was being charged or otherwise provide any further information about the nature of the charges. Id. Shortly thereafter, Plaintiff contacted Defendant to inquire about the charge and was informed that the total charge included two "deposit adjustment" fees of $8.00 each. Id., ¶ 17. Defendant's representative informed Plaintiff's representative that a deposit adjustment was made on its account when the deposit slips were totaled incorrectly. Id.

On or about August 9, 2007, Defendant also provided Plaintiff with a booklet entitled "Rules and Regulations Applicable to All Fifth Third Accounts and Cards – June 2007" ("Booklet") that included a list of "Special Fees that Apply to All Consumer Accounts." Id., ¶ 18. On or about August 20, 2007, Plaintiff was also provided with a printout from Defendant's computer system that listed fees that were applicable to Plaintiff's account ("Fees Printout"). The Fees Printout is labeled "For Internal Use Only" and also states: "Note: Other fees may apply." Id.

Plaintiff alleges that the deposit adjustment fee does not appear on any of the lists provided to it by Defendant. Plaintiff contends that it inquired further about the charges it had incurred, but that no representative of Defendant could provide it with any list of fees which included a "deposit adjustment fee." Id. at ¶ 20. Through its review of the lists of fees provided by Defendant, Plaintiff also learned that it had been charged numerous other fees over the years, including, *inter alia*, a fee of $12.50

for a returned deposit item, despite the fact that the booklet provided to Plaintiff listed the fee at $10.00.

Plaintiff contends that the nature of the charges it has incurred over the course of its banking relationship with Defendant is not ascertainable without further inquiry to Defendant and that the charges it has incurred do not appear to be included on the fee lists provided to Plaintiff. Id., ¶ 23. Plaintiff contends that through Defendant's "actions and failure to provide essential information to its customers, Defendant's concealment, suppression, and omission of material facts as to the services it provides to the public has caused harm to its uninformed customers." Id., ¶ 27. On the basis of these facts, Plaintiff asserts claims against Defendant under the Ohio Deceptive Trade Practices Act and for unjust enrichment.

**II. Standard of Review**

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)(A district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997). While the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation

that discovery will reveal evidence to support the claim. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007); <u>Associated Gen. Contractors of Cal., Inc. v. Carpenters</u>, 459 U.S. 519, 526 (1983)("It is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged[.]"). The plaintiff must provide more than labels and conclusions, or a formulaic recitation of the elements of a cause of action, <u>Twombly</u>, 127 S. Ct. at 1965, and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>see also</u> <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10 (6th Cir. 1987)(noting that the court is not required to accept as true unwarranted legal conclusions or factual inferences). A motion to dismiss under Rule 12(b)(6) will be granted if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697 (6th Cir. 1978).

**III. Analysis**

    **A.   Ohio Deceptive Trade Practices Act**

Plaintiff alleges that Defendant, "through its actions and failure to provide essential information to its customers," has violated the DTPA. Specifically, Plaintiff alleges that Defendant has violated Ohio Rev. Code § 4165.02(A)(11) which provides that "[a] person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person . . . advertises goods or services with intent not to sell them as advertised." Ohio Rev. Code § 4165.02(A)(11). The DTPA is

4

substantially similar to Section 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a), and generally regulates trademarks, unfair competition, and false advertising. See Yocono's Rest., Inc. v. Yocono, 100 Ohio App. 3d 11, 17 (Ohio Ct. App. 1994); Dawson v. Blockbuster, Inc., No. 86451, 2006 Ohio App. LEXIS 1138, at *9 (Ohio Ct. App. March 16, 2006). Accordingly, "[w]hen adjudicating claims under the Ohio Deceptive Trade Practices Act, Ohio courts . . . apply the same analysis applicable to claims commenced under analogous federal law." Chandler & Assoc. v. Am.'s Healthcare Alliance, 125 Ohio App. 3d 572, 580 (Ohio Ct. App. 1997).

Ohio courts hold that in order to obtain monetary damages for Defendant's alleged false or deceptive advertising, Plaintiff must prove the following: (1) a false statement, or a statement which is misleading; (2) which statement actually deceived or has the tendency to deceive a substantial segment of the target audience; (3) the deception is material in that it is likely to influence a purchasing decision; and (4) the plaintiff has been or is likely to be injured as a result. Spafford v. Cuyahoga Comm. College, No. 84786, 2005 Ohio App. LEXIS 1607, at *9 (Ohio Ct. App. April 7, 2005); Diamond Co. v. Gentry Acquisition Corp., 48 Ohio Misc. 2d 1, 5 (Ohio C.P. 1988).[1]

---

[1] The court is aware that federal courts have set forth a slightly varied approach to analyzing a claim of false or deceptive advertising. Because Ohio courts look to the analysis employed in cases involving the Lanham Act, courts have held that a plaintiff must show that: (1) the defendant has made false or misleading statements of fact concerning his own product or another's; (2) the statement deceives or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff. HER, Inc. v. Re/Max First Choice, LLC, 468 F. Supp. 2d 964, 979 (S.D. Ohio 2007); see also Reed Elsevier, Inc. v. TheLaw.net Corp., 269 F. Supp. 2d 942, 951 (S.D. Ohio 2003) (citing American Council of Certified Podiatriac Physicians and Surgeons v. American Bd. of Podiatric Surgery, Inc., 185 F.3d 606, 613 (6th Cir. 1999); Cesare v. Work, 36 Ohio App. 3d 26 (Ohio Ct. App. 1987)). The court finds that, for the purposes of this motion, these two tests are substantially the same.

Plaintiff alleges in its complaint that Defendant "advertises its banking services to the public with booklets and handouts containing information about what services the Bank will provide and the charges the customer will incur for these services." Compl., ¶ 30. Plaintiff further alleges that Defendant's "failure to inform customers of all of the charges it may assess on their accounts and the amounts being charged before they are assessed deprives customers of the opportunity to make meaningful comparisons among banking institutions. This is a deceptive trade practice." Id., ¶ 31. While Plaintiff contends that it reasonably relied upon Defendant's "advertised rates and services as being accurate and complete," Plaintiff does not allege that it, specifically, ever received or saw a booklet or handout, or any other advertisement which contained a specific false or misleading statement that induced it to bank with Defendant, thereby causing it harm. In the absence of such allegations, the complaint fails to state a claim under the DTPA.

In response to Defendant's motion to dismiss, Plaintiff argues that it is "disingenuous" for Defendant to assert that it does not make booklets and other materials available to entice and retain customers. Mem. Opp'n at 5. Plaintiff argues:

> It would be illogical to assume . . . that [Plaintiff] entered into the . . . banking relationship without any informational materials being provided, or without any suggestion of what fees it would incur monthly. It would also be illogical to assume that [Defendant] does not regularly advertise to its existing customers in order to convince them to continue doing business with [Defendant].

Mem. Opp'n at 6. Plaintiff asks the court to "infer from the facts pled . . . which [Plaintiff] will prove at the appropriate time,

6

that Defendant does advertise, and that those advertisements are incomplete and deceptive." Id. Such an inference is impermissible on the facts pled. The court will not assume that Plaintiff can prove facts which it has not alleged. See Associated Gen. Contractors of Cal., Inc., 459 U.S. at 526.

Additionally, the court finds that none of the other documents set forth in Plaintiff's complaint – the Account Statement, the Booklet, or the Fees Printout – constitute documents which Defendant used to "advertise." Because neither the DTPA nor the Lanham Act defines the term "advertise," the court will apply its plain and ordinary meaning. See Hughes v. Ohio DOC, 114 Ohio St. 3d 47, 51 (Ohio 2007) ("Unless words are otherwise defined or a contrary intent is clearly expressed, we give words in a statute their plain and ordinary meaning."); see also Am. Needle & Novelty, Inc., 820 F. Supp. 1072, 1077 (N.D. Ill. 1993) ("Nothing in the Lanham Act suggests that 'advertisement' . . . should be given any interpretation other than [its] plan and ordinary meaning[], which include[s] the notion of public dissemination of information."). Random House Webster's Dictionary defines "advertise" as follows: "to describe or announce (a product or service) publicly, esp. in order to promote sales [or] to call public attention to." Random House Webster's Dictionary (1996).

The Account Statement, the Booklet, and the Fees Printout do not constitute advertisements of Defendant. The documents do not describe or announce Defendant's services publicly, and there is no allegation that the documents were provided to Plaintiff or to anyone to promote sales. Rather, the documents were provided to Plaintiff, as one of Defendant's customers, regarding the terms and conditions of their existing banking relationship, and therefore,

under the facts as alleged in this case, does not constitute advertising. See, e.g., Midwest Canvas Corp. V. Commonwealth Canvas, Inc., 2008 U.S. Dist. LEXIS 3576, at *9 (N.D. Ill. Jan. 16, 2008) ("[E]ven if a presentation to a single individual could possibly be public enough to satisfy the publicity requirement of the [Lanham Act], an invoice cannot be advertising because it is not an inducement to buy, but rather reflects an agreed-upon transaction."); Marcyan v. Nissen Corp., 578 F. Supp. 485, 507 (N.D. Ind. 1982) ("This manual is not advertising material, nor is it distributed to the general public for the purpose of promoting [defendants'] products: it is a user's manual and is provided to a purchaser of the defendants' equipment together with the equipment in order to describe its proper use.").

Plaintiff concedes in its memorandum in opposition to Defendant's motion, that the Fees Printout is not advertising. Even assuming, however, that the remaining documents referenced in the complaint – the Account Statement or Booklet – could be construed as advertising, there is no allegation that any statement contained in any of these particular documents is false or misleading. Further, Plaintiff has failed to allege facts which would support that it was injured as a result of any false statements in those documents. Indeed, it did not receive these documents until years after having opened its account with Defendant. Consequently, any false statement contained therein could not have caused any injury to Plaintiff. The allegations of Plaintiff's complaint are insufficient to raise its claimed right to relief above the speculative level, and consequently, to avoid dismissal under Rule 12(b)(6). See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Accordingly, Defendant's motion to

dismiss Plaintiff's claim under the DTPA is granted without prejudice to Plaintiff's ability to amend its complaint.

### B. Unjust Enrichment

Plaintiff also alleges that it has paid Defendant substantial amounts of money in the form of the payment of fees which were previously undisclosed to Plaintiff. Plaintiff alleges that the benefit of those undisclosed fees has been conferred on Defendant by it with the full knowledge and consent of Defendant. Plaintiff contends that allowing Defendant to retain the undisclosed fees would cause an injustice and that the money Defendant collected from those fees should be returned.

A claim of unjust enrichment is one of quasi contract founded upon the fundamental principle of justice that no one ought to unjustly enrich himself at the expense of another. <u>Hummel v. Hummel</u>, 133 Ohio St. 520, 527 (Ohio 1938); <u>Fairfield Ready Mix v. Walnut Hills Assocs., Ltd.</u>, 60 Ohio App. 3d 1, 3 (Ohio Ct. App. 1988). The "unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another." <u>Hummel</u>, 133 Ohio St. at 528. In order to find that a defendant was unjustly enriched, thus justifying a contract implied in law, the evidence must clearly and convincingly show: (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. <u>Hambleton v. R.G. Barry Corp.</u>, 12 Ohio St. 3d 179, 183 (Ohio 1984).

Defendant argues that Plaintiff's claim for unjust enrichment is barred because Plaintiff alleges in its complaint that it has a contractual relationship with Defendant that covers the checking

9

account.  Plaintiff does allege that it has a contractual banking relationship with Defendant, but contends that the fees at issue in this dispute are not part of the contractual agreements between Defendant and its customers.  Plaintiff asserts, alternatively, that if the court accepts Defendant's argument that the contractual agreements between the parties cover the subject matter of this dispute, Plaintiff would like leave to amend its complaint to assert a cause of action for breach of contract.

It is true that an equitable action for unjust enrichment will not lie when the subject matter of that claim is covered by an express contract or a contract implied in fact.  <u>Caras v. Green & Green</u>, No. 14943, 1996 Ohio App. LEXIS 3162, at *9-10 (Ohio Ct. App. June 28, 1996).  Here, however, Plaintiff alleges that it was not aware of the undisclosed fees at issue in this dispute and did not agree to accept them as part of its contractual banking relationship with Defendant.  Compl., ¶ 2.  Thus, Plaintiff argues that the subject matter of this dispute – the undisclosed fees – is beyond the terms of the parties' contractual relationship.  <u>See Palm Beach Co. v. Dunn & Bradstreet, Inc.</u>, 106 Ohio App. 3d 167, 174-75 (Ohio Ct. App. 1995) (unjust enrichment claim not precluded where it arose outside the parameters of the express contract and was premised on fraud and bad faith arising from a pattern of activity that had little to do with contract terms).

Plaintiff has not alleged what the terms of its contract with Defendant were, nor did it attach the contract as an exhibit to its complaint.  Neither of the parties has produced the contract in its filings with the court.  Consequently, the court is unable to determine whether Plaintiff may proceed with a claim for unjust enrichment or breach of contract.  If the subject matter of fees or

10

service charges is addressed by the contract, then Plaintiff may be able to pursue a claim for breach of contract. If the contract does not cover fees or service charges, Plaintiff may be able to assert a claim for unjust enrichment. Of course, Plaintiff may also plead in the alternative pursuant to Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff shall file an amended complaint setting forth the terms of its contractual relationship with Defendant or attaching the contract as an exhibit to the amended complaint.

### C. Voluntary Payment Doctrine

The court will address Defendant's final argument that the voluntary payment doctrine bars both of Plaintiff's claims. Defendant contends that Plaintiff is prohibited from "recovering the amount of a fee that it paid voluntarily, without protest, and with knowledge that the fee was being assessed." Mot. Dismiss at 8. Defendant argues that because the fees were deducted from Plaintiff's account for several years prior to the August 2007 assessments set forth in the complaint and did not complain, Plaintiff voluntarily paid the fees and may not seek to recover those fees now. Plaintiff disputes that it could have voluntarily paid fees which were "taken out of its account," and which Defendant refused to refund, after inquiry by Plaintiff. Mem. Opp'n at 9. Plaintiff also asserts that it did not make such payments with full knowledge of the facts because the fees were not previously disclosed, nor were they itemized on their statements. Id. at 11.

Ohio recognizes the voluntary payment doctrine. Scott v. Fairbanks Capital Corp., 284 F. Supp. 2d 880, 894 (S.D. Ohio 2003). The Ohio Supreme Court has held: "In the absence of fraud, duress,

compulsion or mistake of fact, money, voluntarily paid by one person to another on a claim of right to such payment, cannot be recovered merely because the person who made the payment mistook the law as to his liability to pay." State ex rel. Dickman v. Defenbacher, 151 Ohio St. 391, 395 (Ohio 1949). Stated differently, "'a person who voluntarily pays another with full knowledge of the facts will not be entitled to restitution.'" Scott, 284 F. Supp. 2d at 894 (quoting Randazzo v. Harris Bank Palatine, 262 F.3d 663, 667 (7th Cir. 2001)).

The court concludes that it would be premature, at this stage, to conclude that Plaintiff voluntarily made the payments at issue to Defendant with full knowledge of the facts. See Alexian Brothers Health Providers Assoc., Inc. v. Humana Health Plan, Inc., 277 F. Supp. 2d 880, 892 (N.D. Ill. 2003) (denying motion to dismiss a claim after observing that "incomplete knowledge of facts can contribute to the mistake of fact exception to the voluntary payment doctrine"). While Defendant may ultimately be able to establish a viable defense to Plaintiff's claims through the voluntary payment doctrine, it is premature to dismiss Plaintiff's claims pending further factual development of the record.

## IV. Conclusion

For the forgoing reasons, Defendant's motion to dismiss Plaintiff's claim under the Ohio Deceptive Trade Practices Act is GRANTED. Defendant's motion to dismiss Plaintiff's claim for unjust enrichment is DENIED without prejudice to Defendant's right

to renew the motion after the filing of an amended complaint. Plaintiff shall file an amended complaint within thirty (30) days.

It is so ORDERED.

>  /s/ James L. Graham
>  JAMES L. GRAHAM
>  Senior United States District Judge

Date: May 1, 2008