IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARLINGTON VIDEO PRODUCTIONS, INC., | |
| Plaintiff, | Case No. 2:08-cv-122 |
| v. | Judge Gregory L. Frost |
| FIFTH THIRD BANK, | Magistrate Judge Terrance P. Kemp |
| Defendant. | |

**PRELIMINARY APPROVAL ORDER**

This matter comes before the Court on the parties' Joint Motion for Preliminary Approval of a Class Action Settlement Agreement. The Court being fully advised and upon consideration of the motion, the accompanying memorandum of law, the accompanying Settlement Agreement and Release ("Agreement") and all other papers and proceedings herein, it is hereby ORDERED that the motion is GRANTED as follows:

1. The following class is certified for the sole purpose of settlement:

   All individuals and entities who have or have had a business checking account with Fifth Third Bank ("Fifth Third") in the United States between December 1, 2002 and February 28, 2013, who also incurred a non-negotiated fee that was deducted from its account for a Fifth Third "service" that was not initially disclosed on a Fee Schedule which was made available to the customer before the fee was charged, and/or who incurred a fee that was deducted from its account that was increased after initial disclosure on a Fee Schedule, if Fifth Third failed to give fifteen days advance notice of the increase to the business checking account customers, by making it available either in the offices of the Bank or by some other method provided by law, during the applicable limitations periods. Excluded from the class are those individuals and entities maintaining Treasury Management Accounts with Fifth Third; holders of personal, non-business accounts; and employees, officers, directors, legal representatives, heirs, successors and assignees of Fifth Third.

2. Dennis E. Murray, Sr. and Donna Jean A. Evans of Murray & Murray Co., L.P.A. shall serve as Class Counsel for the sole purpose of the proposed settlement and, as such, shall represent the interests of Named Plaintiff Arlington Video Productions, Inc. and all class members throughout all future proceedings excepting, however, that if this matter is not finally approved pursuant to the Agreement, Class Certification will return to the status prior to this Preliminary Approval.

3. Evan Newman of Arlington Video Productions, Inc. is appointed Class Representative of the class defined in paragraph 1 above for the sole purpose of settlement.

4. With respect to the class and for settlement purposes only, the Court finds:

   a. Class Members are ascertainable and so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class Members with respect to the subject matter of the litigation;

   c. The claims of Named Plaintiff are typical of Class Members;

   d. The Named Plaintiff has adequately protected the interests of class members, and the Named Plaintiff's participation award of $20,000 is Preliminary Approved;

   e. A class action is superior to other available methods for efficient adjudication of this controversy; and

   f. Dennis E. Murray, Sr. and Donna Jean A. Evans of Murray & Murray Co. L.P.A. are well qualified to serve as Class Counsel, and the fees of

$720,554 and expense reimbursement of up to $40,000 sought are Preliminary Approved.

5. The proposed settlement, as described in the Agreement, is **PRELIMINARILY APPROVED** subject to further submissions and further findings at the Final Fairness Hearing described in paragraph 8 below. The parties will have until fourteen (14) days prior to the Final Fairness Hearing to file any papers in support of the final approval of the settlement. In addition, Class Counsel shall have until fourteen (14) days prior to the Final Fairness Hearing to file all papers in support of its request for the payment of attorney's fees and litigation expenses from the qualified settlement fund.

6. The Court has reviewed the proposed Class Mail Notice, attached as Exhibit E, the Publication Notice, attached as Exhibit F, and Notice Plan, attached as Exhibit C. The Class Mail Notice, among other things, describes in plain English the terms and operation of the settlement, the considerations that caused Class Counsel to conclude that the settlement is fair and adequate, the procedure for objecting to or opting out of the settlement, and the date of the Final Fairness Hearing. Accordingly, the Court hereby **FINDS** that the Class Mail Notice fully complies with the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, and the Class Mail Notice is thus **APPROVED.**

7. **Relevant Dates.**

   a. Class Mail Notice. The Class Mail Notice will be mailed thirty (30) days after entry of this Preliminary Approval Order.

   b. Opt-Out Requests. Any Settlement Class Member who desires to be excluded from the settlement must sign a written request to be excluded containing the information required by the Class Mail Notice. This exclusion ("opt out") request must be sent

to the Third Party Administrator by mail to the address provided in the Class Mail Notice and postmarked no later than forty-five (45) days after the initial date of mailing of the Class Mail Notice.

   c. <u>Objections</u>. Any Settlement Class Member who desires to object to any aspect of the Agreement must do so in writing, without the necessity of obtaining counsel or making any formal appearance. All objections to any aspect of the Agreement must be mailed to the Third Party Administrator at the address provided in the Class Mail Notice and postmarked no later than forty-five (45) days after the initial date of mailing of the Class Mail Notice.

   d. <u>Notification of Exclusion Requests and Objections</u>. No later than seven (7) business days after the date the opt outs and objections are due, the Third Party Administrator shall notify the Court, Class Counsel, and Defendant's Counsel of any persons who have objected to the settlement or opted out of the settlement, and shall serve the Court, Class Counsel, and Defendant's Counsel with copies of all objections, notices of opt out, and supporting documentation.

   e. <u>Claims</u>. Settlement disbursements shall be mailed to Settlement Class Members by the Settlement Proceeds Distribution Deadline as defined in the Agreement.

These dates may be amended upon written motion by either party and for good cause shown.

The Court **FINDS** that the notice and claims process outlined in the Agreement is appropriate under the circumstances.

  8. A Final Fairness Hearing will be conducted at <u>12:00pm</u> on <u>December 16,</u> 2015 in Courtroom <u>5</u>, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 43215. During the Final Fairness Hearing, the Court will

4

consider the parties' arguments in favor of final approval of the settlement and will hear argument from any objectors who have complied with the notification requirements of the court by providing a statement of their intention to appear and argue at the Final Fairness Hearing.

9. If Court grants final approval, Settlement Class Members (as defined in the Agreement) and their successors shall conclusively be deemed to have given a release, as set forth in the Agreement and Class Mail Notice, in favor of the Released Parties, and all such Settlement Class Members and their successors shall be permanently enjoined and forever barred from asserting any claim covered by the Release set forth in the Agreement and Class Mail Notice against the Released Parties. If for any reason the Court does not execute and file a Final Order and Final Judgment, the proposed settlement subject to this Order and Judgment and all evidence and proceedings had in connection herewith shall be without prejudice to the status quo ante rights of the parties to this litigation.

10. The parties have agreed to use the services of the class action administration firm, Rust Consulting, Inc., as the Third Party Administrator. The Court appoints the firm as Third Party Administrator, and directs it to comply with all provisions of this Order, and the Agreement. The Court approves the payment of Rust Consulting out of the common fund, with a currently estimated payment of approximately $169,586.

**IT IS SO ORDERED.**

Entered: September 23, 2015

/s/ GREGORY L. FROST
Judge Gregory L. Frost